THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| HUNTER SAFETY SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JIUJIANG TAOSHENG XINCAILIAO YOU XIAN GONG SI dba FORICX,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [ECF NO. 20] PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Case No. 2:24-cv-00686-DBB<br><br>District Judge David Barlow |

Before the court is Hunter Safety Systems, Inc.'s ("Plaintiff") motion for default judgment and permanent injunction against Jiujiang Taosheng Xincailiao You Xian Gong Si ("Defendant").[1] For the reasons stated below, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff is a seller of hunting equipment, which it offers through physical retailers and online, including on Amazon.com, Inc. ("Amazon").[2] Plaintiff sells a bow and gear hoist on Amazon and has copyrighted the packaging design for this hoist (the "Hoist Packaging").[3] The packaging for the hoist includes instructions for its use.

---

[1] Plaintiff's Motion for Default Judgment and Permanent Injunction ("Mot."), ECF No. 20, filed April 15, 2025.
[2] Compl. ¶ 10–11.
[3] *Id.* at ¶ 13–14.

Plaintiff's Hoist Packaging

Defendant sells a similar hoist on Amazon.[4] Plaintiff alleges that Defendant has copied the instructions from their hoist to sell its products.[5] These instructions are included as a packaging insert with Defendant's hoist (the "Packaging Insert").[6]

---

[4] *Id.* at ¶ 15–17.
[5] *Id.* at ¶ 15.
[6] *Id.* at ¶ 22.



Defendant's Packaging Insert

Plaintiff purchased Defendant's hoist from Amazon on August 21, 2024, and found the packaging insert with identical instructions to their Hoist Packaging.[7] Plaintiffs sent Amazon a notice of copyright infringement, claiming that Defendant's Packaging Insert infringes on their Hoist Packaging.[8] Amazon then removed the listing for Defendant's hoist.[9]

---

[7] *Id.* at ¶ 21.
[8] *Id.* at ¶ 22.
[9] *Id.* at ¶ 23.

On September 4, 2024, Amazon provided Plaintiff notice that Defendant filed a counter-notice to have its Amazon listing reinstated.[10] This counternotice states that Plaintiff's notice is based on a mistake or misidentification of the allegedly infringing material.[11] It also states that Defendant consents "to the jurisdiction of any judicial district in which Amazon may be found."[12]

Plaintiff filed its complaint with this court on September 17, 2024.[13] Plaintiff asserts one cause of action against Defendant, claiming it has infringed on its copyrighted packaging design.[14] It alleges that Defendant has willfully made and used an unauthorized reproduction of its copyrighted works in violation of the Copyright Act.[15]

This court granted Plaintiff's motion for alternative service on October 28, 2024.[16] When Defendant failed to respond, Plaintiff filed a motion for entry of default,[17] which the Clerk of Court entered on December 12, 2024.[18] On April 15, 2025, Plaintiff filed the motion now before the court, which seeks default judgment against Defendant, lost profit damages, and a permanent injunction.[19] Defendant has not made an appearance or otherwise defended itself in this case.

## STANDARD

Under Federal Rule of Civil Procedure 55(a), the clerk of court must enter a party's default when they have "failed to plead or otherwise defend, and that failure is shown by

---

[10] *Id.* at ¶ 25.
[11] Counternotice, ECF No. 1-5, filed Sep. 17, 2024.
[12] *Id.*
[13] *Id.* at 1.
[14] *Id.* at ¶ 26–34.
[15] *Id.* at ¶ 30–31.
[16] Order Granting Plaintiff's Motion for Alternative Service, ECF No. 6, filed Oct. 28, 2024.
[17] Motion for Entry of Clerk's Default, ECF No. 10, filed Dec. 10, 2024.
[18] Default Certificate, ECF No. 11, filed Dec. 12, 2024.
[19] Mot. 7–9.

affidavit or otherwise."[20] Then, the plaintiff "must apply to the court for a default judgment" unless the plaintiff seeks a sum certain or a sum "made certain by computation."[21]

The court must take two steps before granting default judgment. First, the court has an affirmative duty to assess its subject matter jurisdiction and personal jurisdiction before granting default judgment.[22] Second, it must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. . . [t]here must be a sufficient basis in the pleadings for the judgment entered."[23] The court accepts all well-pleaded factual allegations in the complaint as true in evaluating Plaintiff's motion.[24]

## DISCUSSION

Plaintiff has already obtained an entry of default by the Clerk of Court.[25] Therefore, the court first considers its jurisdiction, then turns to whether Plaintiff has provided a sufficient basis for default judgment.

### I.  Jurisdiction

"[W]hen entry of default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[26] Here, the court has subject-matter jurisdiction, as Plaintiff's claim arises under the Copyright Act.[27]

---

[20] Fed. R. Civ. P. 55(a).
[21] Fed. R. Civ. P. 55(b).
[22] *Hukill v. Okla. Native Am. Domestic Violence Coalition,* 542 F.3d 794, 797 (10th Cir. 2008).
[23] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citations omitted).
[24] *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) ("After a default judgment is handed down, a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.") (citation omitted).
[25] Default Certificate, ECF No. 11, filed Dec. 12, 2024.
[26] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).
[27] 17 U.S.C. § 501; 28 U.S.C. § 1331.

5

Plaintiff argues that the court has personal jurisdiction over Defendant because it consented to jurisdiction in this district.[28] It argues that Defendant's counternotice to Amazon stated that it agreed to jurisdiction wherever Amazon may be found, and Amazon may be found in this district.[29]

Under the Digital Millenium Copyright Act ("DMCA"), when a copyright owner notifies a service provider, such as Amazon, that a subscriber's material infringes its copyrighted work, the "service provider is not liable for copyright infringement if, among other things, it expeditiously removes or disables access to the allegedly infringing material."[30] If the service provider then notifies the subscriber that it has removed the allegedly infringing material, it is not liable for infringement.[31] Subscribers may then have the material replaced by submitting a written counter notification to the provider.[32] For subscribers outside the United States, a counter notification must contain "a statement that the subscriber consents to the jurisdiction of the Federal District Court. . . for any judicial district in which the service provider may be found."[33]

In a case like this, federal district courts have personal jurisdiction over a subscriber "whose address is outside the United States if it is possible to come upon or locate the service provider in the forum state."[34] It "is possible to come across or locate Amazon in Utah because its agents and officers carry on Amazon's business in Utah."[35]

---

[28] Mot. 6.
[29] *Id.*
[30] *DP Creations, LLC v. Adolly.com*, No. 23-4126, 2024 WL 4491924, at *1 (10th Cir. Oct. 15, 2024) (citing § 512(c)(1)(C), (g)(4)).
[31] *Id.*
[32] *Id.*
[33] *Id.* (quoting § 512(g)(3)(D)) (emphasis omitted).
[34] *Id.* at *5.
[35] *Id.* at *6 (citing *Cawthon v. Zhousunyijie*, No. 22-cv-03021, 2024 WL 1156073, at *4 (S.D.N.Y. Mar. 18, 2024) (unpublished)).

Defendant consented to personal jurisdiction in Utah when it submitted its Counter-Notification to Amazon, whereby it expressly consented to the jurisdiction of any judicial district in which Amazon may be found.[36] Amazon may be found in this district, as it has agents and officers carrying on its business in the state.[37] Therefore, Defendant has consented to jurisdiction in this district and the court has jurisdiction over Plaintiff's claim.

## II. Copyright

To prevail on its copyright-infringement claim, Plaintiff must establish (1) that it possesses a valid copyright for the Hoist Packaging, and (2) that Defendant copied protected elements of the Hoist Packaging.[38] Plaintiff alleges that it has copyrighted the Hoist Packaging and has provided its copyright registration.[39] These unchallenged allegations fulfill the first element of Plaintiff's copyright claim.

The second element "involves two distinct inquiries:" (1) whether Defendant, as a factual matter, copied the Hoist Packaging, and (2) whether "as a mixed issue of fact and law, those elements that were copied were protected."[40] Here, Defendant has clearly copied the Hoist Packaging. Although Defendant's Packaging Insert uses numbers to separate the steps and has a different appearance, it is a verbatim reproduction of the instructions on Plaintiff's copyrighted

---

[36] *DP Creations, LLC v. Jiang Su Fang Ao Guo Ji Mao Yi You Xian Gong Si*, No. 2:23-CV-00312-RJS-DBP, 2025 WL 1135573, at *2 (D. Utah Apr. 17, 2025) (defendant in default judgment case consented to jurisdiction by submitting counter-notification consenting to jurisdiction in any district where Amazon may be found).
[37] Compl. ¶¶ 16, 17.
[38] *See R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1142 (10th Cir. 2009).
[39] Compl. ¶¶ 2, 14; Registration, ECF No. 1-1, filed Sep. 17, 2024.
[40] *R.W. Beck*, 577 F.3d at 1142.

Hoist Packaging. This exact replication of Plaintiff's instructions shows that Defendant copied that portion of the Hoist Packaging.[41]

Next, the unchallenged facts must show that the instructions on the Hoist Packaging were protected. The Copyright Act provides that

> In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.[42]

"In short, copyright law is not patent law: it protects the expression of ideas rather than the underlying ideas themselves."[43] "To qualify for copyright protection, a work 'must be original,' meaning that it must be independently created and 'possess[] more than a *de minimis* quantum of creativity.'"[44] "When a work describes how to perform a task (a function), there is no copyright protection for the knowledge (the useful art) thereby conveyed."[45] "Instruction sheets are almost always considered facts or processes and are generally not copyrightable."[46]

---

[41] *Enter. Mgmt. Ltd., Inc. v. Warrick*, 717 F.3d 1112, 1117 (10th Cir. 2013) (quoting *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1178 (10th Cir. 2009)) ("A plaintiff may prove copying either with direct evidence or by showing the alleged infringer had access to the copyrighted work and 'there are probative similarities between the copyrighted material and the allegedly copied material."); *Fin. Control Assocs., Inc. v. Equity Builders, Inc.*, 799 F. Supp. 1103, 1115 (D. Kan. 1992) ("The clearest example of copying is of course a verbatim usurpation of another's work. Obviously, such a copy would infringe upon a valid copyright.")
[42] 17 U.S.C. § 102(b).
[43] *Enterprise Management*, 717 F.3d at 1117 (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344–45, (1991)).[44] *Diamonds Direct, L.C. v. Manly Bands*, No. 2:23-CV-00870, 2024 WL 4818827, at *2 (D. Utah Nov. 18, 2024) (quoting *Feist Publ'ns*, 499 U.S. at 361).[45] *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1144 (10th Cir. 2009) (citing Pamela Samuelson, *Why Copyright Law Excludes Systems and Processes From the Scope of its Protection*, 85 Tex. L.Rev. 1921, 1923, 1944–52 (2007)).
[44] *Diamonds Direct, L.C. v. Manly Bands*, No. 2:23-CV-00870, 2024 WL 4818827, at *2 (D. Utah Nov. 18, 2024) (quoting *Feist Publ'ns*, 499 U.S. at 361).[45] *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1144 (10th Cir. 2009) (citing Pamela Samuelson, *Why Copyright Law Excludes Systems and Processes From the Scope of its Protection*, 85 Tex. L.Rev. 1921, 1923, 1944–52 (2007)).
[45] *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1144 (10th Cir. 2009) (citing Pamela Samuelson, *Why Copyright Law Excludes Systems and Processes From the Scope of its Protection*, 85 Tex. L.Rev. 1921, 1923, 1944–52 (2007)).
[46] *Weber Luke All., LLC v. Studio 1C Inc.*, 233 F. Supp. 3d 1245, 1254 (D. Utah 2017) (citing 17 U.S.C. § 102(b)); *see also Tomaydo-Tomahhdo, LLC v. Vozary*, 629 F. App'x 658, 661 (6th Cir. 2015) ("functional directions are statutorily excluded from copyright protection."); *Nat'l Nonwovens, Inc. v. Consumer Prods. Enters., Inc.*, 397 F.

Plaintiff's copyright claim is based on the instructions on the Hoist Packaging. But Plaintiff offers no argument as to why the instruction portion of the Hoist Packaging should have copyright protection. Although Plaintiff states that "the text is part of the subject of the HSS Copyright," it does not explain why these instructions are anything more than functional.[47] Nor does it supply any authority suggesting that the brief instructions are protectable. And as to remedy, Plaintiff does not explain how the copied instructions supplied in the interior of the package sold by Defendant resulted in lost profits or are profits "attributable to the infringement." For these reasons, the uncontested facts do not show that the court should grant Plaintiff default judgment on its copyright claim. Accordingly, Plaintiff's motion is denied.

## ORDER

Plaintiff's Motion for Default Judgment is DENIED without prejudice.[48]

Signed June 6, 2025.

BY THE COURT

_____

David Barlow
United States District Judge

---

Supp. 2d 245, 256 (D. Mass. 2005) (information in instructions could not be protected because they were "purely functional"); *cf. Kid Stuff Mktg., Inc. v. Creative Consumer Concepts, Inc.*, 223 F. Supp. 3d 1168, 1187–88 (D. Kan. 2016) (illustrations accompanying un-copyrightable, functional instructions could have copyright protection).
[47] Mot 7–8.
[48] ECF No. 20.